UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------
:
LARRY DIXON,                                      :      Case No. 5:15-CR-245
                                                  :      Case No. 5:16-CV-2803
       Petitioner,                               :
                                                  :
vs.                                               :      OPINION & ORDER
                                                  :      [Resolving Doc. 513[1]]
UNITED STATES OF AMERICA,                         :
                                                  :
       Respondent.                               :
                                                  :
---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       On November 17, 2016, Defendant Larry Dixon petitioned for habeas corpus relief under 28 U.S.C. § 2255.[2] For the following reasons, the Court **DENIES** Defendant's motion.

## I.  Background

       On July 1, 2015, the United States indicted Defendant Dixon and others for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846; and use of a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b).[3]

       On October 15, 2015, Dixon pled guilty to conspiracy to possess with intent to distribute cocaine.[4] In their plea agreement, the parties agreed to a base offense level of 14 under U.S.S.G. § 2D1.1(c)(13) and a two-level reduction for acceptance of responsibility.[5]

       On January 15, 2016, this Court sentenced Dixon to one year and one day's imprisonment followed by three years' supervised release.[6] Dixon did not appeal.

---

[1] All citations are to the criminal docket, Case No. 1:15-CR-245.
[2] Doc. 513. The Government responds. Doc. 521. Dixon replies. Doc. 522.
[3] Doc. 1.
[4] Doc. 199.
[5] *Id.* at 2.
[6] Doc. 353.

Case No. 5:15-CR-245
Gwin, J.

On November 17, 2016, Defendant Larry Dixon petitioned for habeas corpus relief under 28 U.S.C. § 2255.[7] Dixon argues ineffective assistance of counsel for his lawyer's failure to prepare an adequate defense, for failing to investigate Dixon's relationship with co-conspirators, and for "promis[ing]" him a sentence of probation.[8]

## II.  Legal Standards

### A.  28 U.S.C. § 2255 Relief

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law.  Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[9]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[10]

## III.  Discussion

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington*[11] test.

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[12] The Court determines "whether, in light

---

[7] Doc. 513.
[8] *Id*.
[9] 28 U.S.C. § 2255(a).
[10] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[11] 466 U.S. 668 (1984).
[12] *Id.* at 688.

Case No. 5:15-CR-245
Gwin, J.

of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[13] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[14]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15]

In this case, Defendant Dixon first argues that his counsel provided ineffective assistance by failing to advocate zealously. For example, Dixon argues that his lawyer did not "call for full discovery" or "[go] over any potential witnesses" that may have been called at trial.[16]

The Court finds just the opposite. Dixon's lawyer serve discovery requests on the Government,[17] to which the Government responded.[18] Defendant Dixon also testified that he had no complaints about the way his attorney represented him.[19] Counsel's efforts in representing Dixon do not "f[a]ll below an objective standard of reasonableness."[20] Therefore, Dixon's first argument loses.

Next, Dixon argues that his lawyer failed to investigate his relationship—or lack thereof—with co-conspirators, which would have established his innocence.[21] This claim also fails.

---

[13] *Id.* at 690.
[14] *Id.* at 690-91.
[15] *Id.* at 695.
[16] Doc. 513-1 at 5.
[17] Docs. 17, 17-1.
[18] Doc. 521 at 14-15. The Court was never aware of any complaint that the Government failed to respond to Defendant's discovery request adequately.
[19] Doc. 517 at 8.
[20] *Strickland*, 466 U.S. at 668.
[21] Doc. 513-1 at 4-7.

Case No. 5:15-CR-245
Gwin, J.

Even if Dixon had no relationship with nearly all of his co-conspirators, a conspiracy requires the agreement of only two or more persons.[22] Dixon admits that he has a relationship with co-defendant Emery Lee and contacted Lee to obtain drugs.[23] Dixon acknowledges "that his actions were criminal in nature."[24]

Even if Dixon could show that his lawyer should have been more diligent in researching Dixon's relationship with other co-conspirators, such information would not have changed the course of the case.[25] Thus, Dixon's argument does not demonstrate ineffective assistance of counsel.

Last, Dixon argues that his lawyer "promised" that Dixon would receive a sentence of probation, and therefore inappropriately advised Dixon to enter a plea agreement.

Dixon offers no evidence that he did not knowingly and voluntarily enter his plea agreement. The plea agreement made no suggestion that Dixon would receive probation. It suggested the opposite. And in his plea colloquy, Dixon stated that no outside promises influenced his decision to plead guilty. Based on that agreement, he could not have reasonably believed that he would receive a sentence of probation for his offense.[26]

In the plea agreement, Dixon acknowledged[27] that he was subject to a total offense level of 14 with a two-level reduction for acceptance of responsibility.[28] At the change of plea hearing, Dixon confirmed his understanding of the plea agreement[29] and acknowledged that federal sentencing is within the Court's discretion.

---

[22] *See, e.g.*, *United States v. Galicia*, 609 F. App'x 302, 304 (6th Cir. 2015).
[23] Doc. 513-1 at 2-3.
[24] *Id.* at 3.
[25] *Strickland*, 466 U.S. at 695.
[26] Nor is there evidence that Dixon's lawyer "promised" him that he would receive probation.
[27] Doc. 199 at 11 (signature page).
[28] *Id.* at 5.
[29] Doc. 517 at 10-12.

-4-

Case No. 5:15-CR-245
Gwin, J.

Even if Dixon had a Criminal History Category I,[30] the Guidelines range would be 10-16 months. Therefore, probation was a possible but unlikely sentence.

## IV.    CONCLUSION

For the reasons above, this Court **DENIES** Defendant Dixon's § 2255 petition. Furthermore, there is no basis upon which to issue a certificate of appealability.[31]

IT IS SO ORDERED.

Dated: January 26, 2017              *s/         James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[30] In fact, Dixon's pre-plea presentence report put him at a criminal history category III, Doc. 144 at 11, which dictates a 15-21 month sentencing range.

[31] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).